1

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

2

Todd M. Friedman, Esq. (SBN: 216752)
Suren N. Weerasuriya, Esq. (SBN: 278521)

3

Adrian R. Bacon, Esq. (SBN: 280332)
tfriedman@attorneysforconsumers.com

4

sweerasuirya@attorneysforconsumers.com
abacon@attorneysforconsumers.com

5

324 S. Beverly Dr., #725

6

Beverly Hills, CA 90212
Telephone: (877) 206-4741

7

Facsimile: (866) 633-0228

8

*Attorneys for Plaintiff*

9

10

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

11

12

**JAMES MAGGIO,**

**Case No.:**

13

Plaintiff,

**COMPLAINT FOR DAMAGES**

14

v.

**1. TELEPHONE CONSUMER PROTECTION ACT**

15

**VERIZON WIRELESS (VAW), LLC,**

**2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,**

16

17

Defendant.

**JURY TRIAL DEMANDED**

18

19

1.     JAMES MAGGIO ("Plaintiff") brings this Complaint for damages,

20

injunctive relief, and any other available legal or equitable remedies, resulting

21

from the illegal actions of VERIZON WIRELESS (VAW), LLC ("Defendant"),

22

in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular

23

telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §

24

227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as

25

follows upon personal knowledge as to herself and her own acts and experiences,

26

and, as to all other matters, upon information and belief, including investigation

27

conducted by his attorneys.

28

COMPLAINT - 1

2.      Additionally, this is an action for damages brought by Plaintiff for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.      The TCPA was designed to prevent calls and/or text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.     TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

> Id. at § 12.

5.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over Plaintiff's TCPA claim because this cause of action arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.      This Court has supplemental jurisdiction over Plaintiff's RFDCPA claims pursuant to 28 U.S.C. 1367.

8.      Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Lake, State of California and Plaintiff resides within the County of Lake, State of California.

## PARTIES

9.      Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10.      Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national limited liability company whose State of Incorporation is California.  Defendant, is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Lake, and within this judicial district.

11.      Plaintiff is a natural person residing in Lake County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h).

12.      At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant, by attempting to collect debts owed, regularly attempts to collect debts alleged to be due to itself and/or another, and therefore is a "debt collector"

as defined by the RFDCPA, Cal Civ Code §1788.2(c). *See In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.,* No. 10-MD-02193-RWZ, 2011 WL 2637222, at \*6 (D.Mass. July 6, 2011); *cf. Reyes v. Wells Fargo Bank, N.A.,* No. C-10-01667JCS, 2011 WL 30759, at \*20 (N.D.Cal. Jan. 3, 2011).

## **FACTUAL ALLEGATIONS**

13.    At various and multiple times prior to the filing on the instant complaint, including within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

14.    Defendant called Plaintiff regarding an alleged debt owed. Defendant called Plaintiff with such frequency and regularity that it constitutes harassment under the circumstances.  Defendant contacts or attempts to contact Plaintiff five (5) to ten (10) times per day on number ending in -5612

15.    Defendant called Plaintiff before 8 am and after 9 pm.

16.    Plaintiff would pay debt but as soon as there was a balance on Plaintiff's account Defendant would continue calling the Plaintiff.

17.    Plaintiff told Defendant to stop calling, but Defendant continued to call.

18.    On March 23, 2015, Plaintiff's counsel sent a written notice of representation to Defendant.  Defendant has failed to respond at this time.

19.    The calls Defendant placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

20.    This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

21.     The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

22.     These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

23.     As of February 2015, Plaintiff effectively revoked any permission or invitation Defendant had, if it even existed to begin with, to place automated collection calls to Plaintiff's cellular telephone. Thus, as of March 2015, Plaintiff did not provide Defendant or its agents with prior express consent to receive spam text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24.     These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

25.     Defendant has violated the TCPA in multiple ways, including but not limited to:

    a. Restricted use of Automated Telephone equipment to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

26.     According to the RFDCPA, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be

1   subject to the remedies in Section 1692k of, Title 15 of the United

2
3   States Code. (Cal Civ Code §1788.17).

4
5        27.   Defendant has violated the RFDCPA in multiple way,
including but not limited to:

6
7       a. Causing a telephone to ring repeatedly or continuously
to annoy Plaintiff (Cal Civ Code § 1788.11(d));

8

9       b. Communicating, by telephone or in person, with
Plaintiff with such frequency as to be unreasonable and
10   to constitute an harassment to Plaintiff under the
circumstances (Cal Civ Code § 1788.11(e));
11

12

13       c. Causing Plaintiffs telephone to ring repeatedly or
continuously with intent to harass, annoy or abuse
14   Plaintiff (§ 1692d(5));

15

16       d. Communicating with Plaintiff at times or places which
were known or should have been known to be
17   inconvenient for Plaintiff (§1692c(a)(1)); and

18

19       e. Engaging in conduct the natural consequence of which
is to harass, oppress, or abuse Plaintiff (§ 1692d)).
20

21
22        28.   As a result of the above violations of the TCPA and RFDCPA,

23   Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal

24   humiliation, embarrassment, mental anguish and emotional distress, and

25   Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages,

26   and costs and attorney's fees.

27

28

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

31.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

36.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

1
2

## THIRD CAUSE OF ACTION
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

3
4

37.     Plaintiff reincorporates by reference all of the preceding paragraphs

5
6

38.     Defendant's conduct constitutes numerous violations of the

7

RFDCPA, including but not limited to:

8
9

a. Defendant violated the §1788.11(d) of the RFDCPA by causing

10

Plaintiff's telephone to ring repeatedly or continuously to annoy the

11

person called.

12

b. Defendant violated §1788.17 of the RFDCPA by continuously

13

failing to comply with the statutory regulations contained within the

14

FDCPA, 15 U.S.C. §1692 *et seq.* to wit: Sections 1692d, 1692d(5),

15

1692c(c).

16

## PRAYER FOR RELIEF

17

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the

18

following relief against Defendant:

19
20

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

21

39.     As a result of Defendant's negligent violations of 47 U.S.C. §

22

227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every

23

violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24

40.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting

25

such conduct in the future.

26

41.     Any other relief the Court may deem just and proper.

27
28

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

42.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

43.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

44.     Any other relief the Court may deem just and proper.

**THIRD CAUSE OF ACTION**
**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

45.     Statutory damages of $1000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

46.     Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

47.     Any other relief that this Honorable Court deems appropriate.

**TRIAL BY JURY**

48.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted this 4th day of June, 2015

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:   /s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff